LIBERTY & FREEDOM
LEGAL GROUP, LTD

August 20, 2026

VIA ECF

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: ***Moreta v. N.Y.C. Dep't of Educ.*, No. 26-cv-04245 (JPO)**

Dear Judge Oetken:

Plaintiff respectfully submits this letter in opposition to City Defendants' August 20, 2026 request for another extension of time, from August 24, 2026 to September 7, 2026, to respond to Plaintiff's Complaint [ECF No. 1] and pending motion to compel payments [ECF No. 6]. City Defendants have already received a substantial extension through August 24, 2026, over Plaintiff's objection. [ECF Nos. 15, 16]. They should not receive yet another extension based upon partial, last-minute payment processing that does not moot Plaintiff's motion or the substantial majority of the relief requested in this case.

City Defendants' extension request rests on a premise that is contradicted by the Complaint itself. City Defendants told the Court tonight: "Yesterday, the DOE processed more than $500,000 in payments for tuition and transportation that are sought in Plaintiff's complaint and motion to compel payments. The DOE's recent payments have mooted a substantial portion of this case." [ECF No. 30 at 1]. City Defendants' counsel made an even broader statement to Plaintiff's counsel yesterday evening: "My client has informed me that substantial payments for tuition and transportation have been processed for payment today. I believe these payments mean that the relief sought in the complaint and motion are largely, if not entirely, moot."

But the Complaint [ECF No. 1] ("Compl.") alleges the following exact principal amounts: "For the 2024–2025 school year, C.C.'s iBRAIN tuition was $337,124.20." Compl. ¶ 21. "For the 2024–2025 school year, C.C.'s Sisters transportation cost was $220,993.00." Compl. ¶ 22. "The total 2024–2025 principal amount for iBRAIN tuition and Sisters transportation was $558,117.20." Compl. ¶ 23.

The Complaint separately alleges: "For the 2025–2026 school year, C.C.'s iBRAIN tuition was $364,266.50." Compl. ¶ 46. "For the 2025–2026 school year, C.C.'s Sisters transportation cost was $235,662.00." Compl. ¶ 47. "The total 2025–2026 principal amount for iBRAIN tuition and Sisters transportation was $599,928.50." Compl. ¶ 48.

Thus, the Complaint seeks some $1,158,045.70 in principal tuition and transportation alone, before late fees, interest, declaratory relief, pendency/status quo relief, enforcement relief, accounting, date-certain implementation, and Plaintiff's other claims. Even if DOE "processed more than $500,000," that amount does not make the relief sought in the Complaint and motion "largely, if not entirely, moot." It does not equal even half of the principal tuition and transportation relief pleaded in the Complaint.

Nor were these amounts hidden in a lengthy pleading. Plaintiff already brought this point directly to the Court's attention when opposing Defendants' prior extension request. Plaintiff's June 24, 2026 letter stated that "[t]he requested extension would substantially prejudice Plaintiff and the student-plaintiff" because "[t]he pending motion seeks time-sensitive relief concerning the implementation of educational services and related funding obligations exceeding $1 million." [ECF No. 15 at 1]. Plaintiff further stated that "[a]dditional delay is therefore not merely procedural, and risks further postponing the very relief that Plaintiff seeks to preserve." Id. City Defendants' August 20 letter did not remind the Court of that prior position, did not acknowledge that Plaintiff had already objected to delay on this exact ground, and did not acknowledge that Plaintiff had already identified the payment obligations as exceeding $1 million.[1]

City Defendants also do not state that iBRAIN or Sisters Travel actually received the funds. City Defendants do not identify the exact amounts allegedly paid, the school year to which those payments apply, the components covered, the amounts still unpaid, whether the payments were merely processed internally or through PIP, whether the funds were released, whether the providers received them, or whether DOE disputes the remaining 2024–2025 and 2025–2026 principal balances, late fees, interest, pendency/status quo relief, declaratory relief, accounting relief, or implementation relief.

The timing further defeats any claim of good cause. Plaintiff filed this action on May 20, 2026 and filed the pending payment-enforcement motion on May 21, 2026. The motion itself made clear that Plaintiff seeks "to enforce and compel compliance with SRO Decision No. 25-150, C.C.'s automatic stay-put rights, continuing 2025–2026 pendency obligations, accounting, and date-certain implementation." [ECF No. 7 at 1]. Under Local Civil Rule 6.1(b), unless otherwise ordered, opposition papers on civil motions other than discovery motions must be served "within 14 days after service of the moving papers." This Court did not hold City Defendants to that default schedule. By way of ECF No. 13, the Court directed City Defendants to respond to Plaintiff's motion by June 30, 2026—nearly six weeks after the motion was filed—and then, by way of ECF No. 16, extended that deadline again to August 24, 2026 over Plaintiff's objection. City Defendants therefore have had more than three months since the motion was filed, and far

[1] Plaintiff does not ask the Court to infer intent from omission alone. Plaintiff identifies the omission because a request for discretionary relief from a Court-ordered deadline should present the material procedural history fairly and completely, particularly where the docket already reflects Plaintiff's express opposition to further delay and Plaintiff's explanation that the pending motion concerns time-sensitive payment obligations exceeding $1 million. See Fed. R. Civ. P. 11(b)(3); N.Y. Rules of Prof'l Conduct R. 3.3(a)(1).

longer than the default period under Local Civil Rule 6.1(b), to confer with their client, assess payment issues, and prepare their response.

Plaintiff also tried to avoid precisely this last-minute posture. On July 9, 2026, Plaintiff advised the Court that Plaintiff had attempted to meet and confer with City Defendants: "to identify (1) which components of the relief requested in Plaintiff's pending motion, if any, Defendants actually contest, (2) to discuss the status and timing of implementation of the administrative orders, and (3) to determine whether the parties could resolve or narrow any issues without further motion practice." [ECF No. 20 at 1]. City Defendants opposed that request. They told the Court: "City Defendants respectfully submit that counsel's conference request is an attempt to circumvent that order and to require City Defendants to address Plaintiff's motion on a faster timeline than the Court has established." [ECF No. 22 at 1]. City Defendants further stated: "Plaintiff has identified no Federal Rule of Civil Procedure or Local Rule that obligates City Defendants to meet and confer with counsel about the pending motion in advance of the court-ordered opposition deadline, because there is none." [ECF No. 22 at 1]. And City Defendants represented: "City Defendants respectfully submit that the conference requested by Plaintiff is unnecessary and that all matters can be addressed on the schedule the Court has already established." [ECF No. 22 at 2].

City Defendants now ask for another extension because they need "additional time to confer with [their] client following the DOE's recent payments and to assess what issues, if any, remain before City Defendants are required to respond." [ECF No. 30 at 2]. But Plaintiff tried to confer in July about exactly those issues: what relief was contested, what had been implemented, what remained unpaid, and whether the issues could be narrowed without further motion practice. City Defendants objected and told the Court that no conference was necessary because the existing schedule was sufficient. City Defendants cannot refuse to confer in July, oppose Plaintiff's request for a conference to narrow the payment and implementation issues, wait until the eve of their already-extended deadline to allegedly process only partial payments, and then ask for another extension because they now need time to confer with their client and assess what issues remain. City Defendants' statement that "Plaintiff's counsel has not responded with Plaintiff's position on this request" [ECF No. 30 at 1] also should be viewed against the existing docket. Plaintiff's position on further delay was already clear from ECF No. 15. Plaintiff stated that it did "not consent to any further extension that would delay adjudication of the pending motion or postpone the implementation and payment relief sought in this action." [ECF No. 15 at 1]. Plaintiff further advised the Court that "[t]he requested extension would substantially prejudice Plaintiff and the student-plaintiff" because "[t]he pending motion seeks time-sensitive relief concerning the implementation of educational services and related funding obligations exceeding $1 million," and that "[a]dditional delay is therefore not merely procedural." Id. City Defendants were not writing on a blank slate. They knew, and the docket showed, that Plaintiff had already opposed further delay on this exact ground.

The circumstances of City Defendants' claimed effort to obtain Plaintiff's position further confirm the problem. City Defendants' counsel first emailed Plaintiff's counsel at 5:52 p.m. on Wednesday, August 19, 2026, stating that payments had been "processed for payment today" and asserting that the relief was "largely, if not entirely, moot." He then emailed again at 12:36 p.m. on Thursday, August 20, 2026, asking for Plaintiff's position "as soon as possible this afternoon" because his extension request was "due today under Judge Oetken's rules." Defense counsel did

not call the undersigned's office or cell phone today, even though the undersigned was traveling during the day and unable to respond immediately to counsel's emails. City Defendants then filed their extension request stating that Plaintiff's counsel had not responded. [ECF No. 30 at 1]. That sequence does not support another extension. It instead confirms that City Defendants waited until the final days of an already-extended deadline to raise partial payment processing as a basis for more delay.

Nor does City Defendants' reference to a potential amended complaint in another case justify delaying this case. [ECF No. 30 at 1]. If City Defendants contend that any portion of the Complaint should be dismissed, shortened, or amended, they can raise those arguments in their response by the August 24, 2026 deadline. If City Defendants contend that any specific relief has become moot, they can identify the exact payment, amount, receipt date, provider, school year, component, and remaining unpaid balance in their August 24, 2026 filing.

What City Defendants should not be permitted to do is obtain another extension by vaguely invoking "more than $500,000" in "processed" payments while omitting that the Complaint seeks more than $1.158 million in principal tuition and transportation alone, before late fees, interest, declaratory relief, pendency/status quo relief, accounting, and implementation relief. Nor should City Defendants be permitted to use their own last-minute partial payment processing as good cause for further delay after more than three months to respond to the motion, after opposing Plaintiff's July effort to narrow the issues, and after failing to acknowledge Plaintiff's prior docketed opposition to any further extension.

Plaintiff respectfully submits the record facts and quoted statements above so the Court may assess City Defendants' request against the actual record. City Defendants have had more than three months since the Complaint and motion were filed, received a substantial extension over Plaintiff's objection, opposed Plaintiff's July effort to narrow the issues, waited until the eve of their deadline to process only partial payments, and then sought more time based on a mootness premise the Complaint's own pleaded amounts disprove.

Plaintiff respectfully requests that the Court deny City Defendants' extension request and direct City Defendants to respond to the Complaint and pending motion by August 24, 2026.

Respectfully submitted,

/s/ *Jeffrey Arlen Spinner*
Jeffrey Arlen Spinner, Esq.
Liberty & Freedom Legal Group, Ltd.
Attorneys for Plaintiff
105 East 34th Street, Suite 190
New York, New York 10016
Telephone: (646) 850-5035
cc: All counsel of record via ECF